FILED by \_\_MM\_\_ D.C.

Sep 22, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **22-20452-CR-GAYLES/TORRES**

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

JUDITH DIANNE PARIS-PINDER,

Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

### Relevant Terms

1. A "*Ponzi*" or "*Ponzi* scheme" is an investment fraud scheme that involves the payment of claimed returns to existing investors from funds contributed by new investors. *Ponzi* scheme organizers often solicit new investors by promising to invest funds in opportunities claimed to generate high returns with little or no risk. In many *Ponzi* schemes, the participants focus on attracting new investments to make promised payments to earlier-stage investors to create the false appearance that investors are profiting from a legitimate business. *Ponzi* schemes require a consistent flow of new investor funds to continue and tend to collapse when it becomes difficult to obtain sufficient new investor funds or when a large number of investors ask for their investment principal back.

**The Defendant and the Relevant Entity**

2. Defendant **JUDITH DIANNE PARIS-PINDER** was a resident of Miami-Dade County, Florida.

3. **JUDITH DIANNE PARIS-PINDER** was listed as the registered agent and president of the Florida Corporation Pinder Associates Inc ("Pinder Associates"), located in North Miami, Florida.

**WIRE FRAUD**
**(18 U.S.C. § 1343)**

1. The General Allegations section of this Information is realleged and fully incorporated herein by reference.

2. From at least as early as in or around November 2019, and continuing through in or around October 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JUDITH DIANNE PARIS-PINDER,**

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18 United States Code, Section 1343.

**Purpose of Scheme and Artifice**

3. It was a purpose of the scheme and artifice for **JUDITH DIANNE PARIS-PINDER** to unlawfully enrich herself by soliciting investor money through materially false and

fraudulent representations and promises concerning, among other things, (a) the true nature of the investment and the existence of pending lawsuit settlement payments, (b) the diversion of investor funds into bank accounts under her control, and (c) the use of investment funds for her own personal benefit and to make payments to existing investors.

### Manner and Means

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

4. **JUDITH DIANNE PARIS-PINDER** opened and maintained bank accounts in the name of Pinder Associates and in her name at financial institutions located in the Southern District of Florida. **PARIS-PINDER** had signing authority and control over these bank accounts.

5. **JUDITH DIANNE PARIS-PINDER**, directly and indirectly, fraudulently solicited money from investors by falsely promising significant returns, typically as much as 50%, on funds invested in a purported lawsuit settlement business.

6. **JUDITH DIANNE PARIS-PINDER** provided investors with, and entered into, written agreements, called a "Business Loan Agreement," in which **PARIS-PINDER** falsely and fraudulently promised to pay investors the principal investment and the agreed-upon return on investment by a specified date.

7. **JUDITH DIANNE PARIS-PINDER** encouraged existing investors to solicit new investors and raise additional investor funds. As an inducement to existing investors, **PARIS-PINDER** offered and paid existing investors commissions to solicit new investors.

8. To induce investors to invest with her, **JUDITH DIANNE PARIS-PINDER**, directly and indirectly, made materially false and fraudulent statements and representations to

investors concerning the true nature of the investment, the existence of pending lawsuit settlement payments, and the use and diversion of investor funds, including, among others, the following:

### Materially False Representations

(a) that **PARIS-PINDER** worked with or for an attorney or law firm that had clients with lawsuit settlement payments forthcoming from an insurance company;

(b) that the attorney or law firm loaned or paid their clients a portion of the forthcoming lawsuit settlement payment, at a reduced rate, in exchange for the full amount of the lawsuit settlement payment when collected;

(c) that **PARIS-PINDER** was raising money from investors to fund the loans or advance payments to the clients;

(d) that the investment would profit when the insurance company paid the full settlement amount at a later date; and

(e). that the investor would be paid back the full investment principal plus an agreed upon return on investment (typically 50%) at a later date when the insurance company paid the full settlement amount.

9. Based on these false and fraudulent representations, **JUDITH DIANNE PARIS-PINDER** received and collected investor funds in cash and through deposits via bank wire transfers, including interstate wire communications, into various accounts that **PARIS-PINDER** controlled, including Pinder Associates' bank accounts.

10. Contrary to **JUDITH DIANNE PARIS-PINDER's** false and fraudulent representations to investors, **PARIS-PINDER** did not use investor money to fund payments or loans to attorney or law firm clients who had lawsuit settlements forthcoming. Instead, **PARIS-PINDER** falsely and fraudulently paid investor returns by running a *Ponzi* scheme, paying existing

investors using new investor funds.

11. While continuing to solicit new investments, **JUDITH DIANNE PARIS-PINDER** misappropriated existing investor funds for her own personal use and benefit. In fact, **PARIS-PINDER** misappropriated in excess of $1 million of investment funds to pay her personal expenses including, among other things, her wedding, vacations, and entertainment, without any notice to, or authorization from, her investors.

12. As a result of **JUDITH DIANNE PARIS-PINDER's** material misrepresentations to investors, from in or around November 2019, through in or around October 2021, **PARIS-PINDER** falsely and fraudulently obtained at least approximately $4,614,000 from retail investors in the Southern District of Florida and elsewhere.

## Use of the Wires

13. On or about August 2, 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, **JUDITH DIANNE PARIS-PINDER**, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, to wit, a wire transmission of approximately $10,000 from an account at USAA Federal Savings Bank in New York, through servers in Texas and New Jersey, to an account controlled by defendant at TD Bank in the Southern District of Florida.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JUDITH DIANNE PARIS-PINDER**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, the following:

   a. A forfeiture money judgement in the sum of approximately $2,439,000 in United States currency, which sum represents the value of any property that constitutes or is derived from proceeds traceable to Defendant's commission of the offense.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States code, Section 2461(c)

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

ERIC E. MORALES
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JUDITH DIANNE PARIS-PINDER,

_____/
Defendant.

CASE NO.:

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

**Court Division** (select one)
- ☑ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take  0  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☑ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
Eric E. Morales
Assistant United States Attorney
FLA Bar No.    1010791

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:   **JUDITH DIANNE PARIS-PINDER**

Case No: _____

Count #:  1

Title 18, United States Code, Section 1343

Wire Fraud
* **Max. Term of Imprisonment:**   20 years
* **Mandatory Min. Term of Imprisonment (if applicable):**   N/A
* **Max. Supervised Release:**   3 years
* **Max. Fine:**   $250,000 fine or twice the gross loss amount

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.